## HARRIS v. HARRISON.

1.  STATUTE : *Construction of Section* 2653 *Gantt's Digest. Action.*
    Section 2653, Gantt's Digest, applies to bonds taken by officers to indemnify them for making sales under executions, and has no application to indemnifying bonds in replevin, taken under section 5044. This bond is not assignable by the officer, like the other, and the claimant of the property can not, by such assignment, maintain an action upon it. The officer against whom the claimant of the property has recovered damages for seizing it, can sue on the bond for the damages recovered of him. But the claimant's remedy is by an action of trespass against the officer and the plaintiff in the replevin suit, or either of them, for seizing the property.

APPEAL from *Dorsey* Circuit Court.

HON. T. F. SORRELLS, Circuit Judge.

*M. W. Benjamin*, for Appellant.

The bond was assignable under *Sec.* 563, *Gantt's Dig.*, and appellant had the right to sue upon it. *Ib. Secs.* 2653 *and* 5044.

Replevin and attachment are but executions before trial.

Harris v. Harrison.

*D. H. Rousseau*, for Appellee.

ENGLISH, C. J.   In February, 1874, Major J. Harrison brought replevin before a Justice of the Peace of Dorsey County against Stephen R. Donathan, for two bales of cotton and a mule.   An order of delivery was issued, directed to Joe Gray, Jr., as special Constable, who seized the cotton and mule.

Hilliard Harris claimed the property, and made and delivered to the Constable an affidavit, under *Section 5044 of Gantt's Digest*, that the cotton and mule were his property, and that he was entitled to the possession of the same.

Thereupon Major J. Harrison, the plaintiff in the replevin suit, executed to Gray, as such special Constable, a bond of indemnity, in the penal sum of $500, double the value of the property, with A. M. Waters, John R. Wright and G. V. Childers as sureties.

The condition of the bond was that, "if the above bonden Major J. Harrison, his heirs, executors and Administrators do and shall from time to time and at all times hereafter well and sufficiently save harmless and keep indemnified the said Joe Gray, Jr., as special Constable aforesaid, of, from and against all losses, costs, charges, damages and expenses which he shall or may sustain, bear, pay, suffer, expend or be put unto for or by reason or means of the delivery of the goods and chattels so taken and seized as aforesaid unto the possession of the said Major J. Harrison, the above obligation to be void, otherwise to remain in full force and virtue.   Signed and sealed the day and date above written."   (3d Feb., 1874).

It seems that upon the execution of said bond (which is provided for by the above Section of the Statute) Gray,

the special Constable, delivered the cotton and mule to Major J. Harrison, the plaintiff in the replevin suit.

On the 13th of August, 1874, Hilliard Harris, the claimant of the property, commenced this suit, upon the above bond, before a Justice of the Peace of Dorsey County, against Major J. Harrison, the principal in the bond, and John R. Wright and A. M. Waters, two of the sureties.

The bond appears by an endorsement upon it, to have been assigned by Gray, the special Constable, to Hilliard Harris, the plaintiff in this suit, the assignment bearing date —— day of August, 1874.

Gray was joined as a defendant in the suit, but on objection by defendants for misjoinder, the plaintiff took a discontinuance as to him.

The cause was tried before the Justice of the Peace on the 24th day of September, 1874, and a judgment rendered in favor of plaintiff against defendants for $411.45, and defendants appealed to the Circuit Court of Dorsey County, on the same day.

In the Circuit Court plaintiff filed a written complaint in which he set out the bond and assignment, and alleged as a breach of the condition of the bond that in the replevin suit he interpleaded in the Circuit Court of Dorsey County for the cotton and mule, on the —— day of March, 1874, and recovered a judgment for the same, but delivery thereof had never been rendered him, by reason whereof an action had accrued to him on the bond, to recover of defendants the value of the cotton and mule. How the replevin suit got into the Circuit Court was not averred. Defendants demurred to this complaint; and the cause was continued from term to term until the September term, 1879, when the Court took up the demurrer, and decided that the complaint and demurrer were improperly filed, and ordered them both stricken from the

files, to which no exception was taken by the plaintiff.

Defendants then demurred orally, the record states, to plaintiff's cause of action, and his right to sue on the indemnifying bond by defendants to Gray as special Constable; and at the March term, 1880, the Court sustained the demurrer, and rendered final judgment, discharging defendants, and plaintiff excepted, and appealed to this Court.

### OPINION.

I.   Counsel for appellant submits that he had the right to sue on the bond of indemnity in question under *Section 2653, Gantt's Digest, title "Execution," Chapter* 56.

<div style="float:right">STATUTE: Construction of Section 3 6 5 3, Gantt'sDig.</div>

Section 2650 of the same Chapter, provides that: "If an officer who levies, or is required to levy, an execution upon personal property, doubts whether it is subject to execution, he may give to the plaintiff therein, or his attorney, notice that an indemnifying bond is required. Bond may, thereupon, be given by or for the plaintiff, with one or more sufficient sureties, to be approved by the officer, to the effect that the obligors thereon will indemnify him against the damage he may sustain in consequence of the seizure or sale of the property, and will pay to any claimant thereof the damages he may sustain in consequence of the seizure or sale, and will warrant to any purchaser of the property such estate or interest therein as is sold, and, thereupon, the officer shall proceed to subject the property to the execution, and shall return the indemnifying bond to the Circuit Court of the County from which the execution issued."

<div style="float:right">Action on indemnifying bond.</div>

Sec. 2651 provides that if the bond mentioned in the above section be not given the officer may refuse to levy the execution, or to sell the property if a levy has been made, &c.

Sec. 2652 provides that where property for the sale of which the officer has been indemnified, sells for more than enough to satisfy the execution, the surplus shall be paid into Court, &c.

Sec. 2653 (relied on by counsel for appellant) is as follows:—"The claimant or purchaser of any property, for the seizure or sale of which an indemnifying bond has been taken and returned by the officer, shall be barred of any action against the officer levying upon the property, if the surety was good when it was taken. And such claimant or purchaser may maintain an action upon the bond, and recover such damages as he may be entitled to."

It is manifest from its context, that this section applies to cases where officers take bonds to indemnify them for making sales under executions; and has no application to a bond of indemnity, like the one in question, taken under Section 5044 of the Digest, title "*Replevin*."

That Section provides that, "if another person than the defendant, (in a replevin suit) or his agent, claim the property taken (under the order of delivery) by the Sherff, and delivers to the Sheriff, his affidavit that he is entitled to the possession thereof, the Sheriff shall not be bound to keep it or deliver it to the plaintiff unless he shall, within two days after the delivery to him, or his agent or attorney, by the Sheriff, of a copy of the affidavit, indemnify the Sheriff against the claim by bond executed by one or more sufficient sureties, in double the value of the property," &c.   See also *Sec.* 3811, *Gantt's Digest.*

No provision is made in the "*Replevin*" Chapter for the claimant to sue on the bond of indemnity so executed to the officer seizing the property.

II.   It is submitted by counsel for appellant that the bond of indemnity in suit was assignable under *Sec.* 563,

Harris v. Harrison.

*Gantt's Digest*, which provides that:—"All bonds, bills, notes, agreements and contracts, in writing, for the payment of money or property, or for both money and property, shall be assignable."

It is questionable whether the bond of indemnity is a bond for the payment of money in the sense of this Statute, but considering that it is, Gray, the special Constable for whose indemnity it was executed, had no right or cause of action upon it when he assigned it to appellant, and the assignment therefore could vest in him no right or cause of action. *Hawkins v. Watkins*, 5 *Ark.*, 482.

The condition of the bond was to save Gray from damage for seizing the cotton and mule claimed by appellant, under a writ of replevin against Donathan. Until he suffered some loss or damage he had no cause of action on the bond, and none to assign.

If appellant had sued Gray in trespass for taking his property and recovered damages. of him in the action, then he would have had a cause of action on the bond against appellee Harrison and his sureties, but not before. There would have been no occasion then for Gray to assign the bond to appellant; and whether he could assign it to some one else, and thereby vest in him his cause and right of action, is not material in this case.

Appellant might have sued appellee Harrison in trespass, as well as Gray, for the taking and conversion of his property, but he had no right of action on the bond of indemnity given by appellant to Gray.

Affirmed.